## SYLVESTER ARNOLD, in Error, *versus* SCHUYLER TOURTELLOT.

An officer's return on a writ of attachment, that he gave the defendant a copy of the writ at a place out of his precinct, is extra-official and not evidence of notice to the defendant.

Error lies to reverse a judgment of a justice of the peace, rendered upon a writ which had not been served on the defendant.

Under *St.* 1828, *c.* 114, in regard to giving notice of actions to defendants who are out of the Commonwealth, the notice will be valid only when given in pursuance of some order made by the court before which the action is commenced, directing the time, manner and other circumstances, necessary and proper in the judgment of the court to render it reasonable notice.

WRIT of error to reverse a judgment rendered by a justice of the peace in an action brought by Tourtellot against Arnold. The error assigned was, that it did not appear by the officer's return upon the writ against Arnold, that any legal service thereof was made upon Arnold, or that he had any legal notice of the suit. That writ was returnable on the 2d day of July, 1833, and Arnold was described in it as being of Thompson in the State of Connecticut. The return of the officer, a constable of Dudley, was as follows : — " Worcester ss. June 23, 1832. By virtue of this writ I have attached one yoke of three years old steers as the property of the within named Sylvester Arnold, found in my precinct, but the said Sylvester not being to be found in my precinct, I gave him no summons, and having no usual place of abode, tenant, agent or attorney in the State, left none for him, but, at his request, gave him a copy of this writ at his usual place of abode in Thompson."

*Oct. 9th.*    *Barton*, for the plaintiff in error, contended that error lies upon the judgment of a justice of the peace, (which was conceded by the counsel on the other side, upon the authority of *Valier* v. *Hart*, 11 Mass. R. 300 ;) that it was the proper remedy in the present case, in which the plaintiff in error was aggrieved without any laches on his part, he having no legal notice of the suit, and could not avail himself of an appeal ; *Savage* v. *Gulliver*, 4 Mass. R. 178 ; *Skipwith* v. *Hill*, 2 Mass. R. 35 ; *Smith* v. *Rice*, 11 Mass. R. 512 ; and that if a review might have been obtained by application to the Court of Common Pleas, under *St.* 1822, *c.* 61, yet as there could

Arnold<br>*v.*<br>Tourtellot

**not** be a trial on the merits, but the action must have been dismissed for want of service of the writ, the proceeding by writ of error was the preferable course. *Hart* v. *Huckins*, 5 Mass. R. 260 ; *Tingley* v. *Bateman*, 10 Mass. R. 345.

The service of the writ was ineffectual in law. The only statute provision specifying the mode of serving writs, that is applicable to writs returnable before a justice of the peace, is contained in the colony law of 1644 ; Ancient Charters &c., 50 ; which directs " that legal notice shall be given to the party, or left in writing at his house or place of usual abode." This of course has reference to defendants within the jurisdiction of Massachusetts. The more recent statutes regulating the mode of serving writs, relate to such as are returnable to the Court of Common Pleas or to this Court. Ancient Charters &c., 300 ; *St.* 1784, *c.* 28, § 3 ; 1783, *c.* 42, § 1 ; 1797, *c.* 50 ; 1828, *c.* 114.

The want of a legal service of the writ is an error requiring a reversal of the judgment. *Thacher* v. *Miller*, 11 Mass. R. 414, and 13 Mass. R. 271 ; *Smith* v. *Rice*, 11 Mass. R. 507.

*Tufts*, for the defendant in error, said that no rule had been prescribed, either by the legislature (unless by *St.* 1828, *c.* 114,) or by the Court, for the service of a justice writ on an absent defendant having property within this State, and it will therefore be sufficient if the plaintiff gives him reasonable notice of the suit. The statute of 1828, however, which provides that " in any action " against such a defendant, notice shall be given " in such way and manner as the Court before whom such suit shall be depending, may order," is broad enough in its terms to embrace the court of a justice of the peace ; and here the magistrate came to the conclusion that such notice had been given as he would have ordered, and in compliance with the spirit of the statute he sustained the action. Reasonable notice having in fact been given to the original defendant, the Court will not reverse the judgment, but will turn him over to a writ of review as his appropriate remedy.

The *Court* were of opinion, that it was apparent upon the record that the original defendant was not summoned, and that he had no notice of the suit, as the officer's return, in regard

*April term*<br>1833.

15 *

to the fact of leaving a copy of the writ, was extra-official, and, if notice in any form would have rendered the attachment valid, the officer's return was not evidence of such notice ; that error lies on a judgment of a justice of the peace ; and that if the statute of 1828 applies to a case pending before a justice of the peace, (on which point the Court gave no opinion,) notice would be good only when given in pursuance of some order made by the magistrate, directing the time, manner and other circumstances, in his judgment, necessary and proper to render 't reasonable notice.

*Judgment reversed.*